NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1250
_____

UNITED STATES OF AMERICA

v.

DORIAN WHITEHEAD,
                                                  Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. Action No. 3-16-cr-00072-001)
District Judge: Honorable James M. Munley
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 13, 2018

Before: JORDAN, KRAUSE, and GREENBERG, *Circuit Judges*

(Opinion filed:  March 23, 2018)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

KRAUSE, *Circuit Judge.*

Appellant Dorian Whitehead appeals the District Court's imposition of a 51-month sentence following her conviction for aiding and abetting two armed bank robberies on the grounds that the sentence was procedurally incorrect and substantively unreasonable. For the reasons that follow, we will affirm.

## I. Background

Whitehead pleaded guilty to aiding and abetting two armed bank robberies, in violation of 18 U.S.C. § 2113(d), by, *inter alia*, renting a car for surveillance purposes, accompanying the robbers to surveil the bank, listening to a police scanner from a remote location to alert them of any police activity regarding the robberies, and allowing the robbers to store robbery tools in her basement.

For purposes of sentencing under the United States Sentencing Guidelines ("U.S.S.G."), the Presentence Investigation Report ("PSR") recommended that Whitehead's offense level reflect a 3-level reduction for acceptance of responsibility (to which the government agreed), pursuant to U.S.S.G. § 3E1.1(a)-(b), and a 2-level reduction for being a minor participant in the offense (to which the government also agreed), pursuant to U.S.S.G. § 3B1.2(b), yielding a total offense level of 28 and a Guidelines range of 78 to 97 months' incarceration.

At sentencing, in addition to these reductions, the District Court granted the government's motion for a further 6-level reduction based on Whitehead's "substantial assistance," pursuant to U.S.S.G. § 5K1.1. Accordingly, Whitehead's total offense level was reduced from 28 to 22, resulting in a Guidelines range of 41 to 51 months'

imprisonment.  After the District Court imposed a 51-month sentence, Whitehead timely

appealed.

## II.   Discussion[1]

On appeal, Whitehead argues her 51-month sentence was both procedurally

incorrect and substantively unreasonable.  Neither argument is persuasive.

As to the procedures employed by the District Court, while Whitehead contends it

committed plain error by failing to meaningfully consider the relevant 18 U.S.C. §

3553(a) factors, we find no error, let alone plain error.[2]  Before imposing sentence, the

District Court heard Whitehead's arguments as to why a further reduction was warranted,

and it then explained that, "in passing sentence on Ms. Whitehead," it had "taken into

consideration . . . the letters of support . . . written on her behalf," as well as "what Ms.

Whitehead said here today."  JA 184.  The District Court also observed that "the sentence

. . . impose[d] and the government's statements and motions for [a] downward departure"

took into consideration "all of the factors, including the nature and seriousness of the

offense, the defendant's history, characteristics, [and] the kind of sentences that are

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291.

[2] Because Whitehead did not raise an objection to the District Court's consideration of the § 3553(a) factors at sentencing, we review for plain error, *United States v. Flores-Mejia*, 759 F.3d 253, 256, 259 (3d Cir. 2014), which requires demonstrating: (1) that the court erred, (2) that the error was plain, and (3) that it "affect[ed] substantial rights." *Johnson v. United States*, 520 U.S. 461, 466-67 (1997) (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)).  The § 3553(a) factors include, in pertinent part, "the nature and circumstances of the offense and the history and characteristics of the defendant."  18 U.S.C. § 3553(a).

3

available by the sentencing ranges[.]" JA 184-85. Specifically, the District Court found that the robberies were "very serious offenses," JA 185, that Whitehead's "conduct in this [was] terrible," JA 186, and that even characterizing Whitehead's role as minor was "questionable," JA 187. Finally, the District Court noted that the Guidelines range had been significantly reduced because the government had "lea[n]ed over backwards" for her by moving for downward departures that the Court granted. JA 187. As the Supreme Court has held that a sentencing judge's "brief" statement of reasons is "legally sufficient" as long as the record demonstrates that the judge "has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority," *Rita v. United States*, 551 U.S. 338, 356 (2007), the District Court's statement of reasons makes clear it did not commit procedural error. To the contrary, it considered and adequately addressed Whitehead's arguments in support of an additional reduction to her sentence, and it provided a "reasoned basis" for rejecting them.[3] *Id.*

Nor was the 51-month sentence substantively unreasonable. Because the District Court sentenced Whitehead to a properly-calculated and within-Guidelines sentence of 51 months, it is presumed to be reasonable. *See Rita*, 551 U.S. at 364 (Stevens, J., concurring) (permitting "reviewing courts [to] presume that a sentence within the

---

[3] Whitehead's alternative argument that her sentence was procedurally unreasonable because the District Court made two clearly erroneous factual findings lacks support in the record. Consistent with the District Court's findings, the record reflects that Whitehead did rent a car that was used in furtherance of the second robbery, and was, in fact, present during part of the trip with the robbers "out to [the bank employee's house] . . . so that she could be threatened at the time of the robbery." JA 186.

4

advisory Guidelines is reasonable"). Moreover, this Guidelines range was significantly lower than the 78 to 97-month range that was recommended in the PSR due to the District Court's willingness to depart downwards for Whitehead's substantial assistance to the government. Accordingly, the District Court did not impose a substantively unreasonable sentence; rather, it properly exercised its discretion "to determine the appropriate sentence in light of the particular circumstances of the case." *United States v. Tomko*, 562 F.3d 558, 561 (3d Cir. 2009).

For the foregoing reasons, we will affirm the sentence imposed by the District Court.